Opinion by
Ervin, J.,
The appellant, Robert James, was tried before the Honorable Bernard J. Neeley, a jury having been waived, and convicted on the charge of possession of drugs: Act of July 11, 1917, P. L. 758, §4, 35 PS §854-. He appeals after the imposition of sentence to a prison term.
The facts are as follows: Officer Martin Miller of the Philadelphia Police Force testified that armed with a search warrant he went to the premises 5731 Chestnut Street in Philadelphia. He observed the appellant park his car and approach the house with a bag in his left hand. As the officer confronted the appellant, he threw the bag on an adjoining porch. It was recovered by Officer John Smith who turned it over to Officer Miller. Miller had the bag and contents examined by police chemist Charles Lampert, who found the contents to contain mixtures of heroin hydrochloride, quinine hydrochloride and reducing sugar.
Appellant’s counsel raises the following points on this appeal:
1. A defendant in a criminal case has the right to discharge his counsel at any stage of the proceeding with or without cause where he is sui juris and mentally competent.
2. A defendant in a criminal case who is sui juris and mentally competent has the right to conduct his own defense without the assistance of counsel.
3. The trial court erred by allowing the district attorney charged with prosecuting the defendant to advise the defendant of his rights during the course of trial.
The record reveals that after two days of trial the attorney for the appellant advised the court that his client desired to have him dismissed as counsel and requested time to obtain other counsel. At the conclusion of the recess, the court stated: “The Court has no *467 choice but to say for you to pick somebody else. The Court has given you an hour and a quarter. We can’t hold the business up any longer, and you will have to proceed,” and then further stated: “If, during the noon recess, you want to make some further efforts, all right; but, we will proceed now.” The court then permitted the appellant to conduct his own defense and advised him as follows: “When the Commonwealth rests, you go on and give everything that you please in your defense. If you have any questions to ask on cross-examination, you can ask them if you don’t have an attorney to ask them for you.” The court may deny an application to discharge counsel where it appears that such application is not made in good faith but is made for purposes of delay: Com. v. Novak, 395 Pa. 199, 150 A. 2d 102. It is quite clear, however, that in this case the trial judge permitted appellant during the course of the trial to take over the defense of his own case and permitted the appellant to examine and cross-examine witnesses. After appellant had conducted his own trial for a while, he stated to the court that he desired Mr. Backman to represent him on the bills which were then being tried. This was also permitted by the trial judge. We are convinced that there is no merit in the first two questions above set forth by appellant’s counsel for argument on this appeal.
Counsel for appellant also argues that the district attorney advised the appellant of his rights during the trial and that this in some way prejudiced the appellant. Examination of the record fails to disclose that the district attorney did anything which prejudiced the defendant other than to present the Commonwealth’s evidence.
We are convinced that the appellant had a fair trial and that the evidence was sufficient to sustain the conviction.
Judgment of sentence affirmed.