Commonwealth *v.* James, Petitioner.

Before BELL, C. J., MUSMANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Robert James,* petitioner, in propria persona.

*Walter M. Phillips, Jr.* and *Alan J. Davis,* Assistant District Attorneys, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE ROBERTS, April 1, 1968:

Robert James was found guilty in a nonjury trial of felonious possession of drugs and, in January of 1962, received a 5 to 10 year sentence. On direct appeal, this conviction was affirmed. *Commonwealth v. James,* 202 Pa. Superior Ct. 464, 198 A. 2d 350 (1964). James then filed a Post Conviction Hearing Act application containing two allegations: (1) trial counsel's representation of Miss Hazel Suber created a conflict of interest and (2) his sentence as a recidivist under the Act of September 26, 1961, P. L. 1664, §20, as amended, 35 P.S. §780-20(c) was improperly entered.[1] Although counsel was appointed, no evidentiary hearing was held;[2] the post-conviction court's denial of relief was affirmed without opinion by the Superior Court. See *Commonwealth v. James,* 211 Pa. Superior Ct. 716, 234 A. 2d 216 (1967) (MONTGOMERY, J., dissented). A petition for allocatur followed, which we hereby grant.

----

[1] Only the first of these two allegations was contained in the Post Conviction Hearing Act petition. However, the second was made in a prior habeas corpus petition which, at the time the Post Conviction Hearing Act petition was filed, had not yet been adjudicated. The court below consolidated these two petitions. A third allegation—that James' joint trial with 11 other defendants violated due process—was not raised below and is thus not properly before us.

[2] The post-conviction court held argument on James' petition during which counsel for the Commonwealth and for petitioner indicated that an evidentiary hearing would be appropriate. There is no indication, however, that an evidentiary hearing was held.

The allegation of a conflict of interest centers about the failure of trial counsel to call Miss Suber as a witness. James insists that she testified at his preliminary hearing that the confiscated drugs were hers and that James knew nothing of them. According to appellant, Miss Suber did not testify because her counsel, the same attorney who represented appellant, refused to permit her to do so. If such an allegation is proven, James would be entitled to relief under the doctrine of *Commonwealth ex rel. Whitling v. Russell,* 406 Pa. 45, 176 A. 2d 641 (1962). An evidentiary hearing on this issue was therefore necessary. See Post Conviction Hearing Act, Act of January 25, 1966, P. L. (1965) 1580, §9, 19 P.S. §1180-9 (Supp. 1967); *Commonwealth v. Stokes,* 426 Pa. 265, 232 A. 2d 193 (1967).

James also insists that his trial attorney had entered into a stipulation with the Commonwealth *without his knowledge* that appellant had a prior conviction which fell within the ambit of the Act of 1961. Appellant did admit at trial that he had a prior conviction but he contends that this admission was made only after prompting by counsel and with no awareness that it would subject him to a heavier penalty as a recidivist. The Superior Court in *Commonwealth ex rel. Lewis v. Keenan,* 195 Pa. Superior Ct. 188, 192, 171 A. 2d 895, 897 (1961) has outlined the proper procedure in cases of this nature: "When a convict is to be sentenced as a recidivist under statute providing for an increased penalty for such a person . . . the court should hereafter [James' sentencing was subsequent to this decision] take stenographic notes of the sentencing procedure which should show that the convict was advised that he was to be sentenced under the statute as a recidivist, that the record before the court (which the convict should see or have read to him) shows that he was convicted of relevant prior offenses,

and, if he does not admit to the prior convictions, that he is entitled to a hearing on the issue and a reasonable time to prepare for such a hearing." This record does not demonstrate that James was in any way shown a prior, relevant record of conviction. We thus believe that his acknowledgment of the conviction of a prior offense is defective, unless it can be shown that he in fact had knowledge of trial counsel's stipulation.

The order of the Superior Court must be reversed and the record remanded for an evidentiary hearing. If the hearing court finds that a conflict of interest existed, James should be awarded a new trial. In the event that this issue is resolved against appellant, the court should then hear testimony as to whether appellant had knowledge of counsel's stipulation. If James had knowledge, his sentence should remain undisturbed but, if he did not, the procedure outlined in *Lewis* should be followed, i.e., James should be shown the alleged record of conviction, given an opportunity to admit that the record represents his prior conviction, and, if James denies that he has a prior conviction, a hearing should be held. If the court finds that appellant is, in fact, not a recidivist, he should be discharged;[3] if found to be a recidivist, he should be re-sentenced.

The order of the Superior Court is reversed. The order of the Court of Quarter Sessions of Philadelphia County is vacated and the record is remanded to that court for proceedings consistent with this opinion.

---

[3] James has already served more than the maximum sentence which can be imposed for a first offense under the Act of 1961.