472 P.2d 39

**STATE of Arizona, Appellee,**

v.

**Joe BELCHER, Appellant.**

**No. 1980.**

Supreme Court of Arizona,
In Division.

July 15, 1970.

Gary K. Nelson, Atty. Gen., by Carl Waag, Asst. Atty. Gen., Phoenix, for appellee.

Cunningham, Tiffany, Weltsch, Hurley & Scott, by Michael E. Hurley, Phoenix, for appellant.

UDALL, Justice.

This is a delayed appeal from appellant's conviction in 1968 of the crime of robbery. The single issue presented is whether, because of his counsel's conflict of interest, the appellant was denied effective assistance of counsel, guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution.

Appellant was arrested in 1967 along with three other individuals, Billy Joe Thompson, Clifton Williams and Leslie Hollingsworth. All four were charged with having committed a robbery of a liquor store in Phoenix. The same deputy public defender was appointed to represent all four individuals. Separate trials were held.

At the time appellant came to trial, on February 5, 1968, two of the four defendants had been convicted of the robbery. Appellant was the third to come to trial. The record indicates that one of the defendants had pleaded guilty to the charge and that a second had been found guilty after a jury trial. The fourth defendant, Leslie Hollingsworth, had not yet come to trial.

When appellant's case was called, appellant himself, outside the presence of the jury, requested the trial court to appoint other counsel. Appellant stated that he wished to subpoena the three other defendants but that his appointed counsel refused to subpoena one of those defendants, Hollingsworth. Appellant's counsel then informed the court that he was also representing Hollingsworth and that Hollingsworth had not yet come to trial. Counsel explained that as Hollingsworth's attorney he would have to advise him not to testify on the ground that testimony at appellant's trial might tend to incriminate Hollingsworth. Counsel further indicated that he believed there might be a conflict of interest problem and laid the matter in the hands of the trial court.

The trial court stated that appellant's request for a change of counsel was denied at that time, pending later developments during the trial. The case was thereafter tried. Hollingsworth was not called to testify. The other two defendants, already convicted, testified in appellant's favor. Appellant continued to be represented by the same counsel and was convicted after a jury verdict of guilty.

█ The above stated facts show clearly that counsel representing the appellant was not able to call to the stand and question a witness, desired by the appellant, because to do so would conflict with counsel's representation of that witness. We therefore must agree with appellant's contention that a conflict of interest existed which requires the reversal of his conviction. As this court emphasized in State v. Kruchten, 101 Ariz. 186, 417 P.2d 510, cert. denied 385 U.S. 1043, 87 S.Ct. 784, 17 L.Ed.2d 687 (1966), a lawyer may represent codefendants until a conflict arises or can reasonably be foreseen. At that point independent legal advice must be provided for one or the other.[1] See also Kruchten v. Eyman, D. C., 276 F.Supp. 858, aff'd 406 F.2d 304 (9 Cir., 1967).

The state urges that there was no actual conflict here because there was no harm to the appellant caused by Hollingsworth's failure to testify. The state suggests that appellant's counsel may have determined that Hollingsworth's testimony would not aid appellant's case. We believe that the state's argument is simply speculation upon the degree of prejudice inflicted because of counsel's conflict of interest. The essential point is that appellant's counsel, because of his conflict in representation, was not able to call the codefendant as requested by appellant himself.

█ It is by now well established that if a conflict of interest exists, courts will not speculate upon the amount of prejudice which may arise. The Supreme Court of the United States made this quite clear in Glasser v. United States, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680 (1942):

"To determine the precise degree of prejudice sustained by Glasser as a result of the court's appointment of Stewart as counsel for Kretske is at once difficult and unnecessary. The right to have the assistance of counsel is too fundamental and absolute to allow courts to indulge in nice calculations as to the amount of prejudice arising from its denial." 315 U.S. 60, 75–76, 62 S.Ct. 467.

Relying upon Glasser v. United States, supra, this court has stated in State v. Kruchten, supra, that where a conflict of interest exists in representation of codefendants by the same counsel, prejudice will be presumed:

"Plainly, where a lawyer undertakes to represent two or more co-defendants and

[1] The facts in this case are very similar to those alleged in Commonwealth v. James, 429 Pa. 250, 240 A.2d 368 (1968). There the defendant alleged on appeal that his counsel refused to call a witness because his counsel also represented the witness. The Pennsylvania court remanded the matter for a hearing to determine whether the allegations were true, holding that if they were true the conviction would have to be reversed because of counsel's conflict of interest. In the instant case the conflict is shown clearly in the transcript.

an actual conflict of interest exists, courts will not weigh the quantity of prejudice which may have resulted to one or the other. Reversible error will be presumed. But an actual conflict must, in fact, have existed or been inherent in the facts of the case from which the possibility of prejudice flowed." 101 Ariz. 186, 199, 417 P.2d 523.

In the instant case the trial court erred in not appointing separate counsel for the appellant.

Reversed and remanded for new trial.

STRUCKMEYER, V. C. J., and McFARLAND, J., concur.