506 P.2d 1038

**STATE of Arizona, Appellee,**

v.

**Nick Forrest COX, Appellant.**

**No. 2355.**

Supreme Court of Arizona,
In Banc.
Feb. 28, 1973.

Gary K. Nelson, Atty. Gen., by Louis A. Moore, Jr., Asst. Atty. Gen., Phoenix, for appellee.

John V. Riggs, Tempe, for appellant.

HAYS, Chief Justice.

Defendant was convicted by a jury of first degree burglary, assault with a deadly weapon, armed robbery, and grand theft auto. He was sentenced to from thirty years to life on the armed robbery count and to from ten to fifteen years on the burglary count, to run consecutively with the robbery count. In addition, he was sentenced to eight to ten years on the assault count and from eight to ten years on the grand theft count, both to run concurrently with the armed robbery sentence.

On appeal, defendant presents only one question: Was he denied the effective assistance of counsel when he and the codefendant, Gail Coulbourne, were both represented by the same public defender?

The facts necessary for consideration of defendant's appeal follow: Defendant Cox and Gail Coulbourne went to the Spur Motel in Flagstaff. Cox forcibly entered the motel unit of an elderly tourist couple and

held a gun to the head of the woman, stating that it was a holdup. The couple was made to lie on the floor and Cox let Coulbourne into the room and gave her the gun. Cox bound and gagged the couple, took $65 and the car keys and both defendants drove off in the victims' automobile. They were spotted by a police officer later that night and arrested for grand theft auto.

Two months later Cox escaped from jail after brutally beating a guard. He was recaptured the next day near Flagstaff.

Throughout the entire proceedings from preliminary hearing through sentencing, Cox and his codefendant were represented by the same Coconino County Public Defender. They were at all times tried jointly. It is apparent from the record of the trial that counsel's representation was slanted to favor defendant Coulbourne at the expense of defendant Cox. Counsel had Coulbourne testify, but appellant did not take the stand in his own defense. Coulbourne's testimony was clearly damaging to Cox. Counsel made a motion to sever at the inception of the trial, but this motion was directed at preventing the adverse publicity surrounding Cox's escape from prejudicing Coulbourne's trial.

The following excerpts from defense attorney's closing argument demonstrate a genuine conflict of interest which denied defendant Cox his right to effective assistance of counsel:

"... She has got one person that she can rely on and she hooked up with a *bad joker, Mr. Cox.*

"Now, we are going to find her guilty of four crimes because she made a bad decision in who she was to travel with and who she was going to be with? Are we going to convict her of four crimes because *Nick Forrest Cox decides that he wants to, for whatever reasons he may have decided, that he is going to commit a robbery?* (Emphasis supplied)

"*If there is a guilty party involved in this from the evidence that you have before you it has to be Mr. Cox. He is*

*the planner, he is the schemer, he is the 'dragger-along.' I can't stand here and in any sort of good faith tell you that they have failed in their burden of proof against Mr. Cox but they have certainly totally, wholly failed as far as Mrs. Coulbourne is concerned, totally.* (Emphasis supplied)"

 This court has consistently held that where a conflict of interest denies one or both defendants the effective assistance of counsel, the conviction cannot stand. State v. Belcher, 106 Ariz. 170, 472 P.2d 39 (1970); State v. Kruchten, 101 Ariz. 186, 417 P.2d 510 (1966).

The State's answering brief confesses error and requests this court to reverse the decision of the lower court and order a new trial. The Coconino County Attorney filed a motion in opposition to the confession of error. We hereby deny the County Attorney's motion. We reverse the conviction and remand the case for a new trial.

CAMERON, V. C. J., and STRUCKMEYER, LOCKWOOD and HOLOHAN, JJ., concur.