514 P.2d 1025

**The STATE of Arizona, Appellee,**

v.

**Stephen D. DAVIS, Appellant.**

**No. 2394.**

Supreme Court of Arizona,
In Banc.

Oct. 12, 1973.

**30**

Gary K. Nelson, Atty. Gen., Phoenix, by William P. Dixon, John S. O'Dowd, Asst. Attys. Gen., Tucson, and Donald R. Becker, Law Student, University of Ariz., for appellee.

Finn, Finn & Wilkes by Galen H. Wilkes, Phoenix, for appellant.

CAMERON, Vice Chief Justice.

This is an appeal by the defendant, Stephen D. Davis, from a jury verdict and judgment of guilt to the crime of transportation of marijuana, § 36–1002.07 A.R.S., and a sentence of not less than five years nor more than five years and one day in the Arizona State Prison.

Defendant raises several issues on appeal but we need consider only one question: Was it reversible error to require counsel to represent both the defendant and an absent codefendant at a joint trial?

The facts necessary for a determination of the question before us are as follows. On 12 June 1970, the defendant left Phoenix, Arizona, in the company of his brother and codefendant, Randal Davis and a friend Joe Johnson, and drove to Nogales, Arizona. When they arrived in Nogales it was around 11 o'clock p. m. and they were placed under surveillance by officers of the city police department. The surveillance lasted for several hours. During that period officers observed the three companions drive across the international border into Mexico and return a short time later. After their return, they rendezvoused with one Carol Jacobs and one Charles Wallis, a couple they had previously met in Tucson when they stopped there to get gas en route from Phoenix. After the meeting officers saw two men, identified as the defendant Stephen Davis and his brother Randal, leave the scene of the meeting. When they were again spotted they were walking away from the Mexican border. Officers then observed the two men place gunny sacks into the trunk of a yellow Ford automobile driven by Charles Wallis and Carol Jacobs. A subsequent search of the automobile revealed two gunny sacks full of a substance suspected to be marijuana. Stephen and Randal Davis were thereafter arrested and charged with the transportation of marijuana.

Both defendants received the same court-appointed counsel. Some time prior to trial Randal escaped from custody, and a hearing was held to determine whether he should be tried in absentia. Mr. Wayne Cypert, defense counsel, objected to trying Randal at that time and the following transpired:

"MR. CYPERT: * * * I don't think any of the State's evidence is so perishable that it is necessary that Mr. Davis be tried this morning. Also I have been informed by the Court that as of yesterday Stephen Davis, brother of this man, whom I am also appointed to represent, informs me—I have reason to believe there is a substantial conflict of interest between the two boys. I don't think I could adequately reporesent (sic) the both of them in front of a jury.

"THE COURT: State the nature of the conflict.

"MR. CYPERT: As I understand from talking to Stephen Davis, he maintains that his brother was involved and was committing the offense that is alleged in the information and that the brother Stephen, although he had some knowledge of what was going on, absented himself from the area and the boys who were directly involved in this thing and made his intentions known that he did not want to be involved in the marihuana transportation or possession."

The court nevertheless decided to proceed to trial with the case against both Stephen and Randal Davis and with Mr. Cypert as the attorney for both defendants.

At the trial the defendant testified on his own behalf. He admitted that he had had some prior knowledge of a plan to procure marijuana, but he maintained that he had made it. clear to his companions that he wanted no involvement in the matter, and further that he was not in fact involved.

A jury returned verdicts of guilty as to both Stephen and Randal Davis, but Stephen alone appeals.

■ The constitutional right of a defendant in a criminal case to the effective assistance of counsel is essentially denied where counsel is forced to represent another whose interests conflict with those of the defendant. Glasser v. United States, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680 (1942). The reason is obvious: When counsel has to weigh his preferred strategy or tactics or is deterred from bringing out facts favorable to the defendant because of the detrimental effect they might have on a codefendant, the defendant does not receive the competent and complete representation which an attorney is under a duty to render and which the defendant is entitled to receive. State v. Cox, 109 Ariz. 144, 506 P.2d 1038 (1973).

This court has many times considered cases in which a conflict of interest between jointly represented codefendants was alleged. We have said:

"Plainly, where a lawyer undertakes to represent two or more co-defendants and an actual conflict of interest exists, courts will not weigh the quantity of prejudice which may have resulted to one or the other. Reversible error will be presumed. But an actual conflict must, in fact, have existed or been inherent in the facts of the case from which the possibility of prejudice flowed." State v. Kruchten, 101 Ariz. 186, 199, 417 P.2d 510, 523 (1966).

And:

"It is by now well established that if a conflict of interest exists, courts will not speculate upon the amount of prejudice which may arise. * * *" State v. Belcher, 106 Ariz. 170, 171, 472 P.2d 39, 40 (1970).

■ An attorney representing two defendants in a criminal matter is in the best position professionally and ethically to determine when a conflict of interest exists or will probably develop in the course of a trial. He has an obligation to bring the fact of this conflict to the attention of the court at the earliest possible time after the conflict is discovered. The trial court should give great weight to a representation by counsel that there is a conflict, particularly in the case where the counsel has been appointed by the court rather than retained by the defendants. The fact that one defendant is being tried in absentia makes the representation by the attorney that there is a conflict even more persuasive if not conclusive.

■ The record in the instant case supports the contention that defense counsel was forced to exercise some restraint in the conduct of the trial because of his dual representation. We need not speculate as to what the defense case might have been absent a conflict. Glasser v. United States,

supra; State v. Belcher, supra; State v. Kruchten, supra.

The judgment is set aside and the case remanded for a new trial.

HAYS, STRUCKMEYER, HOLOHAN, JJ., and HERBERT F. KRUCKER, Judge, Court of Appeals, Division Two, concur.

LOCKWOOD, J., did not participate in the determination of this matter.