(578 P.2d 287)

No. 49,330

STATE OF KANSAS, *Appellee,* v. KENNETH WEST, *Appellant.*

Opinion filed May 12, 1978.

*James M. Sheeley,* of Maurin, Vader & Sheeley, of Kansas City, for the appellant.

*John McNally,* assistant district attorney, *Curt T. Schneider,* attorney general, and *Nick A. Tomasic,* district attorney, for the appellee.

Before PARKS, P.J., ABBOTT and MEYER, JJ.

ABBOTT, J.: This is a direct appeal from a jury conviction of burglary (K.S.A. 21-3715) and attempted theft of property valued at more than fifty dollars (K.S.A. 21-3701 and K.S.A. 21-3301).

Defendant was jointly charged and tried with his brother, Danny West. James M. Sheeley was counsel for both Danny and Kenneth. Kenneth brings this appeal, asserting the trial judge erred in not granting a severance of the trials or in refusing to allow counsel to withdraw from representation of one of them. We agree.

During the early morning hours of May 16, 1976, a telephone report was received by the Kansas City Police Department that a vehicle was in the process of being burglarized. Two police

officers in a mobile unit were dispatched to the scene. Upon arrival, they observed two persons inside the vehicle and one standing outside the vehicle. Both officers testified they recognized one of the individuals in the car. One officer recognized Danny West and the other recognized Kenneth.

All three of the suspects ran. Kenneth West was apprehended hiding under a sleeping bag beside the porch of the residence adjacent to the parked vehicle. He had two 8-track tapes and a can of lacquer thinner in his possession. The arresting officer testified that Kenneth was "pretty high" from inhaling lacquer thinner vapors. The other parties escaped by running between the houses and jumping a fence. A second police unit was dispatched to Danny West's residence and he was arrested ten or fifteen minutes later as he approached his home. The record does not indicate whether the third person was ever apprehended or charged.

James M. Sheeley was retained to represent both Danny and Kenneth West. A pretrial conference was held on September 21, 1976. Defendant's counsel stated he did not intend to file any preliminary motions. Sheeley was subsequently allowed to withdraw from the representation of Kenneth on October 14, 1976. The reason for his withdrawal is not apparent from the record. On November 12, 1976, Sheeley was appointed to represent Kenneth. The case was set for trial on January 17, 1977.

The morning of trial, Sheeley moved to withdraw from the representation of Danny West stating, among other things, that there was a conflict between the defenses of Kenneth and Danny West. The pretrial conference journal entry clearly indicates that Kenneth West was defending in part on the theory he was too intoxicated to form the necessary intent. The trial judge denied the motion "because of the lateness of the hour and the fact that the case is set for trial at this particular time."

Defendant's counsel did not specifically request separate trials. He nonetheless contends that the request to withdraw should be treated as a motion for severance. He bases this argument on the theory that the nature of the motion was one for severance. We do not agree. Our examination of the record fails to reveal any language which reasonably could be construed to request a severance.

The burden is on the movant not only to request severance, but

also to show that actual prejudice is likely to result from a joint trial. (*State v. Cameron & Bentley,* 216 Kan. 644, 533 P.2d 1255 [1975]; *State v. Sully,* 219 Kan. 222, 547 P.2d 344 [1976].) The Kansas Supreme Court has stated, "Where two or more defendants are jointly charged with a crime and a defendant proceeds to trial without requesting a separate trial he is deemed to have waived any right to a separate trial and is foreclosed from claiming error in this regard on appeal." (*State v. Daugherty,* 221 Kan. 612, Syl. ¶ 2, 562 P.2d 42 [1977].) Defendant has waived any right he might have had to severance.

Defendant, however, has a constitutional right under the Sixth Amendment to the effective assistance of counsel. The Supreme Court of the United States has heretofore held that requiring an attorney to represent codefendants whose interests are in conflict denies them the effective assistance of counsel. (*Glasser v. United States,* 315 U.S. 60, 86 L.Ed. 680, 62 S.Ct. 457 [1942].) *Glasser* does permit one attorney to represent multiple defendants under certain circumstances.

The Supreme Court of the United States has recently reviewed, reaffirmed, and broadened *Glasser* in *Holloway v. Arkansas,* 435 U.S. 475, 55 L.Ed.2d 426, 98 S.Ct. 1173 (1978). We see only one distinction between the case at hand and *Holloway,* and that distinction, in our opinion, does not require a different result. In *Holloway,* the defendants made timely motions for appointment of separate counsel, whereas in this case the motion was not made until the morning of trial. Noting that defense attorneys might take advantage of the possibility of a conflict for purposes of delay by filing motions at the last moment, the court stated:

"The State has an obvious interest in avoiding such abuses. But our holding does not undermine that interest. When an untimely motion for separate counsel is made for dilatory purposes, our holding does not impair the trial court's ability to deal with counsel who resort to such tactics. Cf. *United States v. Dardi,* 330 F.2d 316 (CA2), cert. denied, 379 U.S. 845 (1964); *People v. Kroeger,* 61 Cal. 2d 236, 37 Cal. Rptr. 593, 390 P.2d 369 (1964). Nor does our holding preclude a trial court from exploring the adequacy of the basis of defense counsel's representations regarding a conflict of interests without improperly requiring disclosure of the confidential communications of the client. See *State v. Davis,* [110 Ariz. 29, 514 P.2d 1025 (1973)]. In this case the trial court simply failed to take adequate steps in response to the repeated motions, objections and representations made to it, and no prospect of dilatory practices was present to justify that failure." (pp. 486-87.)

The state, as well as defendant's counsel, should have been aware of the possible conflict at the pretrial conference some four months prior to trial. Counsel for defendant subsequently withdrew and was reappointed two months prior to trial. He had a duty to request permission to withdraw as counsel for one of the defendants as soon as he ascertained his duty to one might conflict with his duty to the other. The Supreme Court appears to have left the door open for a trial court to find dilatory practices of sufficient magnitude to justify a refusal to continue a trial or allow counsel to withdraw. However, we do not find sufficient justification here in view of the fact the record conclusively shows all parties had or should have had knowledge of the possible conflict as early as the pretrial conference.

Since Kenneth obviously would implicate Danny West as a participant in the crime, counsel could not place Kenneth West on the witness stand to testify as to his intoxication and participation without doing irreparable damage to his other client's case. As a result, Kenneth West did not testify. That is precisely one of the events *Holloway* seeks to prevent. Chief Justice Burger, speaking for the court, stated, "[T]he evil . . . is in what the advocate finds himself compelled to *refrain* from doing, not only at trial but also as to possible pretrial plea negotiations and in the sentencing process." (*Holloway*, at 490.)

The Supreme Court specifically rejected the application of the harmless error rule, stating that any requirement that a defendant show a conflict of interest has prejudiced him in some specific fashion is not susceptible to even-handed application and, in most instances, would require an appellate court to use unguided speculation in determining whether the error was harmless.

The denial of a timely motion to withdraw from joint representation renders the assistance of counsel ineffective where the basis of the motion is that counsel's duty to one of the defendants might conflict with his duty to the other. The effective assistance of counsel under the Sixth Amendment is a "constitutional right" so basic to a fair trial that its denial can never be treated as harmless error.

*Holloway* leaves several questions unanswered. The Supreme Court specifically declined to state what affirmative duty the trial judge has to act on his own motion when it appears a conflict may exist. It further declined to define the scope and nature of the trial

judge's duty to investigate the possibility of a conflict where a single counsel represents more than one defendant. We do not intend to answer that issue other than to hold that where examination of the trial court records as early as pretrial conference reveals conflicting defenses, counsel's motion to withdraw from representation of one or both defendants must be granted, even though not timely, so long as it is made prior to the jury's being impaneled. Under these circumstances, the defendant may not be deprived of his constitutional right to effective counsel.

Such a holding is not inconsistent with *Holloway,* nor does it appreciably enlarge the scope of *Holloway.* In *Holloway,* the motion was filed three weeks prior to trial. However, the court equally emphasized the fact that a motion was also made the day of trial before the jury was impaneled—the same situation we have before us. (See, also, *Sanchez v. Nelson,* 446 F.2d 849 [9th Cir. 1971]; *State v. Sullivan & Smith,* 210 Kan. 842, 504 P.2d 190 [1972]; and *State v. Young,* 196 Kan. 63, 410 P.2d 256 [1966].)

If the trial judge is of the opinion that a motion was purposely filed late in an effort to delay or obstruct the orderly conduct of the trial, other avenues which do not affect defendant's constitutional rights are available to deal with counsel. For instance, the trial judge could assess court costs against counsel personally or, where warranted, file a complaint under the Kansas code of professional responsibility. (K.S.A. 7-125.)

The judgment is reversed and the case remanded for retrial in harmony with this opinion.