WENTWORTH, Judge.
Appellant seeks review of judgments of conviction and sentences entered for the offenses of trafficking, and conspiracy to traffick, in cocaine. We find that the state did not fully comply with its discovery obligation, and that the court failed to conduct an adequate inquiry in this regard. We therefore vacate the sentence and reverse the judgments appealed.
Appellant was arrested in February 1987 after a cocaine transaction. Her attorney requested discovery on March 3, and she was initially charged by an information filed on March 5. Appellant discharged her attorney and obtained other counsel. On the scheduled trial date appellant’s new attorney sought a continuance, asserting that the state had not provided discovery. The case was continued, and on the next scheduled trial date appellant’s attorney advised the court that the state still had not provided discovery. The court suggested that a continuance had previously been granted to allow appellant’s attorney the opportunity to request further discovery, and that the attorney had not availed himself of this opportunity. The court met with counsel in chambers, and then indicated that appellant was aware of the state’s witnesses and case through her attorney’s attendance at various depositions. Stating that appellant had not been denied discovery, the court declined to grant another continuance.
At trial the state presented the testimony of a police informant and various law enforcement personnel, including a chemist who testified regarding laboratory analysis of the cocaine. To rebut appellant’s entrapment defense the state also presented the testimony of a witness who indicated that appellant had previously sold other drugs. Appellant made a specific objection to the testimony of the chemist and the state’s rebuttal witness, and a general objection as to all state witnesses, based upon the state’s failure to furnish a witness list or otherwise provide discovery.
Fla.R.Crim.P. 3.220(a)(1) requires the prosecutor to disclose discovery materials “after the filing of the indictment or information, within fifteen days after written demand by the defendant_” Appellant’s initial written demand was submitted before the information was filed. The *648 state argued that this circumstance renders the initial demand a nullity, and explained further that the demand was not honored because appellant obtained new counsel who often does not request discovery. However, when counsel sought a continuance because discovery had not been provided the state was adequately advised of appellant’s desire for discovery. As indicated in Wortman v. State, 472 So.2d 762 (Fla. 5th DCA 1985), review denied, 480 So.2d 1296 (Fla.1985), a discovery request is sufficient if it clearly informs the prosecutor that discovery is desired.
In granting appellant’s first continuance motion the court recognized that the state had not provided discovery. The state now suggests that it was incumbent upon appellant to seek some further judicial action to compel discovery, citing Drozewski v. State, 84 So.2d 329 (Fla.1956). But Drozewski was decided prior to the adoption of Fla.R.Crim.P. 3.220, which now establishes the procedure for obtaining discovery. It was not necessary for appellant to take further action to invoke the state’s discovery obligation.
When the ease finally came to trial and the state still had not provided discovery, the court conducted an inquiry into the reasons for this failure and the effect upon appellant’s trial preparation. This inquiry may have been intended to comport with the procedural requirements of Richardson v. State, 246 So.2d 771 (Fla.1971). However, the record does not support the court’s conclusion that counsel’s attendance at various depositions obviated any prejudice. While appellant was perhaps aware of some aspects of the state’s case, other aspects and witnesses were not revealed. The identity and substance of the testimony of several witnesses, including the state’s chemist, was not available to appellant prior to trial. The purpose of discovery is to eliminate the likelihood of surprise and insure a fair opportunity to prepare for trial. See Carnivale v. State, 271 So.2d 793 (Fla. 3rd DCA 1973). The record suggests that these protections were impacted by the state’s discovery violation in the present case, and the court should not have required appellant to proceed to trial without discovery.
The judgments of conviction are reversed, the sentences vacated, and the cause remanded.
ERVIN and ZEHMER, JJ., concur.