SMITH, Judge.
Appellant challenges the lower court’s order adjudicating him delinquent, arguing that the court abused its discretion when it denied' appellant’s motion for a continuance. We agree and reverse and remand.
Appellant’s trial was scheduled for the afternoon of July, 19, 1990. That morning, appellant’s counsel moved for a continuance stating that she was unaware that a person alleged to be an accomplice in the offenses appellant was charged with committing was going to be called as a witness by the state. Appellant’s counsel noted to the court that she had represented this accomplice in “some companion cases,” and thought she may have a conflict of interest. The state argued in response that the accomplice’s case had apparently been resolved.[1] The state added further that the appellant should have presumed the accomplice would be called, since appellant’s defense was that someone else, not the appellant, committed the offenses. The state added that it was a great expense to bring the accomplice, and his parents, down from Athens, Georgia to Tallahassee for the trial. The appellant renewed the motion for a continuance immediately before the trial began. Without further inquiry concerning the discovery violation, or the alleged potential conflict of interest, the court ruled that since everyone was present, the case should proceed.
We believe the lower court abused its discretion in denying the motion for continuance given the facts of this case. We recognize that a trial court has wide discretion over a motion for continuance and, where no prejudice is shown, may properly deny it. Riggins v. State, 283 So.2d 878 (Fla. 1st DCA 1973). However, a prosecutor is required on written request to provide the defense with a list of all persons which it intends to call as witnesses. The record reflects that appellant filed a demand for discovery. In the instant case, the state never offered an explanation as to why the appellant was not informed that the accomplice was going to be called to testify, yet obviously the state had made plans before trial to call the accomplice *890 since travel arrangements had been made. Because the state has the obligation to comply with the rules of criminal procedure in every case, it is no justification for the failure to make a full disclosure that a defendant should expect certain witnesses to be called. Furthermore, we are unwilling to approve of the disregard of a discovery violation simply because of the burden a continuance may pose on the state and its witnesses. To do so would only encourage such violations to the unquestionable detriment of defendants. Thus, while the state may have been certain no conflict of interest existed, that fact was not established as a matter of record, other than by the prosecutor’s unsupported statements. The appellant’s counsel should have been given the opportunity to make such a determination for herself, rather than being forced to advocate a position contrary to the sworn testimony of a witness she believed to be a present or former client, as occurred in this case when the witness gave testimony directly contrary to that of the appellant. A defense attorney “is in the best position professionally and ethically to determine when a conflict of interest exists or will probably develop in the course of trial.” Holloway v. Arkansas, 435 U.S. 475, 485, 98 S.Ct. 1173, 1179, 55 L.Ed.2d 426 (1978), quoting, State v. Davis, 110 Ariz. 29, 31, 514 P.2d 1025, 1027 (1973). We believe the prejudice is obvious when, because of an unexcused discovery violation by the state, a defendant is forced to go to trial with counsel who is uncertain as to her ability to adequately represent her client.[2] Whether an actual conflict existed that would have precluded counsel’s representation of appellant is a matter we are not called upon to decide, indeed, cannot decide on the record before us. While further inquiry may have demonstrated counsel’s concern as to the existence of a conflict was needless, that was of little comfort to the appellant on the verge of trial for he was not guaranteed his right to “a vigorous advocate having the single aim of acquittal by all means fair and honorable.” Porter v. U.S., 298 F.2d 461, 463 (5th Cir.1962). There being no satisfactory resolution of this issue before trial, a continuance was the only alternative.
Accordingly, we REVERSE and REMAND for a new trial.
BOOTH and WIGGINTON, JJ., concur.

. We note that the appellant did not agree to this fact during argument on the motion for a continuance.

. This court in In the Interest of F.R., 539 So.2d 588 (Fla. 1st DCA 1989), alluded to the necessity for a Richardson inquiry (Richardson v. State, 246 So.2d 771 (Fla.1971)), when it is brought to the attention of the trial court that a discovery violation has occurred. The court also, in Sweetland v. State, 535 So.2d 646 (Fla. 1st DCA 1988), found error in the denial of a continuance in the face of the state’s failure to comply with a discovery request. Here, in addition to all the reasons for demanding compliance with discovery rules stated in those cases, there is defense counsel’s justifiable interest in avoiding a conflict of interest.