# BERRY v STATE OF FLORIDA

## Case No. 87-116AC10 (Lower Court Case No. 87-524MM10)

Seventeenth Judicial Circuit, Broward County

July 30, 1991

### APPEARANCES OF COUNSEL

**Kayo Morgan, Esquire,** for appellant.

Office of the State Attorney, for appellee.

Before ROBERT B. CARNEY, Circuit Judge.

### OPINION OF THE COURT

THIS CAUSE having come before this Court upon Appellant's appeal of the Judgment and Conviction and Sentence of the Trial

Court, and the Court having received and reviewed Appellant's brief and the trial record, and being fully advised in the premises, makes the following findings of facts and conclusions of law: FINDINGS OF FACTS: 1. On or about January 10, 1987, the appellant, Terry Berry, was arrested for driving on the wrong side of the road, reckless driving, and driving under the influence. The appellant was later charged by information with reckless driving and driving under the influence contrary to Fla. Stat. § 316.192 and 316.193. 2. On November 25, 1987, this cause came to trial by jury before Judge Lebow. The appellant was found guilty on both counts by the jury on November 30, 1987. 3. The appellant objected during trial to witness Officer Farrars' reference to a back up officer named Officer O'Meara. (R. 38-40) The appellant then requested a *Richardson* hearing (R-66). Pursuant to appellant's request the trial conducted a hearing into the alleged violation and stated "I find there has been no willful violation, and I don't find there has been material, or any type of prejudice that has been stated." (R. 66-84). 4. During the testimony of Community Service Aide Roselyn Track appellant objected. The testimony concerned Michael Hunt, the intoxilyzer's maintenance man, unavailability to testify. Appellant alleged that the State committed a discovery violation by not notifying the appellant of the witnesses unavailability. The trial court overruled the appellant's objection and allowed the witness to testify as to her personal knowledge. (R. 93). The trial court conducted an inquiry into the alleged violation and denied the appellant's request for mistrial. (R. 112-123) 5. Furthermore, during the State's closing argument the appellant objected to a reference to Michael Hunt and that due to his unavailability the results of the breath test were missing. (R. 149). The trial court instructed the jury only to consider what was in evidence and to use their memories as to what was testified to. (R. 149) 6. At the end of the State's case the appellant moved for a motion of judgment of acquittal as to reckless driving and driving under the influence. (R. 115-120) The trial judge denied both motions. (R. 121) BASED ON THE FOREGOING THIS COURT MAKES THE FOLLOWING CONCLUSION OF LAW: A. When an allegation is made that the State has violated the rules of discovery, the court must address the allegation and make a determination of whether the alleged discovery violation prejudiced the defendant in his ability to prepare for trial. *Rivers v State,* 526 So.2d 983 (Fla. 4DCA1988), *Donahue v State,* 431 So.2d 1041 (Fla. 4DCA 1985). Pursuant to *Lee v State,* 538 So.2d 63 (Fla. 2DCA 1989) in making this inquiry the trial judge must determine whether the state's discovery violation was inadvertent or willful, whether the violation was trivial or substantial, and most importantly, what effect it had on the

defendant's ability to prepare for trial. B. In conducting an inquiry the trial court is granted an "enormous flexibility by providing a full panoply of remedies which a judge may apply if a discovery violation has occurred, including, if the evidence warrants, finding no prejudice or "harmless error" and proceeding with the trial." *Smith v State,* 500 So.2d 125, 126 (Fla. 1986). A *Richardson* hearing is conducted to determine whether the alleged violation is in fact harmless. The trial court cannot determine whether the error is harmless without giving the defendant an opportunity to show prejudice or harm. *Wilcox v State,* 367 So.2d 1020, 1023 (Fla. 1979). C. The trial court, not the appellate court, must make the determination of whether the alleged error was prejudicial or harmless. The Supreme Court has stated that "a review of the cold record is not an adequate substitute for a trial judge's determined inquiry into all aspects of the state's breach of the rules." *Cumbie v State,* 345 So.2d 1061, 1062 (Fla. 1977). A trial court's judgment and conviction will be reversed if the trial judge fails to conduct an adequate inquiry. In *Sweetland v State,* 535 So.2d 646 (Fla. 1DCA 1988) the conviction was reversed and remanded for a new trial when the trial judge failed to conduct an adequate *Richardson* hearing. In *Sweetland,* the State failed to furnish a witness list to the defendant and the trial court, in conducting the inquiry, determined that the attendance of defense counsel at the deposition obviated any possible prejudice. D. A circumstantial evidence case should not be submitted to the jury unless the record contains competent, substantial evidence which is susceptible of only one inference and this inference is clearly inconsistent with the defendant's hypothesis of innocence. *Fowler v State,* 492 So.2d 1344 (Fla. 1DCA 1986). E. Accordingly, this Court finds that the trial judge conducted full adequate hearings into the alleged discovery violations. (R. 66-84, 112-123). This Court is not imposed with the duty to decide whether the alleged error did in fact prejudice the appellant. The trial judge is in the best posture to determine the issue of prejudice. Furthermore, this Court finds that trial court conducted an adequate inquiry into all aspects of the alleged violations.

Additionally, the Court finds that the remark made by the State during closing was not in evidence and any possibility of harm was cured by the Court's instruction to the jury to only consider the evidence in the case and not counsel's closing argument.

Lastly, this Court finds that the trial court did not commit error in denying appellant's motion for judgment of acquittal as to reckless driving and driving under the influence. There was substantial competent evidence in the record to submit the case to the jury.

WHEREFORE it is ORDERED AND ADJUDGED that the Trial Court's Judgment and Conviction and Sentence is hereby AFFIRMED.

DONE AND ORDERED in Chambers, at the Broward County Courthouse, 201 Southeast Sixth Street, Fort Lauderdale, Florida 33301, this 30th day of July, 1991.