IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

DANIEL S. COVEN, *Appellant.*

No. 1 CA-CR 13-0524
FILED 1-8-2015

Appeal from the Superior Court in Maricopa County
No.  CR2011-133433-001
The Honorable Susanna C. Pineda, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Colby Mills
*Counsel for Appellee*

Law Offices of Thomas Jacobs, Tucson
By Thomas Jacobs
*Counsel for Appellant*

**OPINION**

Judge Kenton D. Jones delivered the Opinion of the Court, in which
Presiding Judge Peter B. Swann and Judge Michael J. Brown joined.

**J O N E S**, Judge:

¶1	Daniel S. Coven appeals his convictions for resisting arrest and disorderly conduct, each a class one misdemeanor. Coven argues the trial court erred in permitting his fourth privately retained attorney to withdraw from his representation following the attorney's avowal of an ethical conflict, without thereafter providing Coven court-appointed counsel for trial. He further argues error in the admission of evidence obtained from his iPod during the search incident to arrest. We find the trial court did not abuse its discretion in permitting Coven's attorney to withdraw as a result of an ethical conflict, and that he was not an indigent person entitled to court-appointed counsel. Additionally, although admission of the iPod evidence was error, there was no prejudice. Therefore, we affirm Coven's convictions and probation.

## FACTS[1] AND PROCEDURAL HISTORY

¶2	On June 30, 2011, in contravention of notices posted throughout the Maricopa County Superior Court Southeast Facility in Mesa, Arizona, prohibiting photography or videotaping within the courthouse, Coven took a digital image of a superior court clerk with his iPod. Coven refused to comply with requests from the clerk, the superior court security officer, and law enforcement to delete the photograph. Instead he became increasingly loud and refused to move from the line of customers waiting to file paperwork with the clerk's office. When advised he was being placed under arrest for his disruptive behavior, Coven forced his hands apart, pinned one arm underneath himself, and kicked at the officers in an attempt to prevent them from applying handcuffs. When Coven was finally secure, he was physically escorted from the scene.

¶3	Following a three-day jury trial in May 2013, Coven was found guilty of resisting arrest and disorderly conduct. At the sentencing phase, the trial court suspended imposition of sentence and placed Coven on probation for one year on each count to be served concurrently. Coven

---

[1]	We view the evidence "in the light most favorable to sustaining the conviction" and resolve all reasonable inferences against the defendant. *State v. Guerra*, 161 Ariz. 289, 293, 778 P.2d 1185, 1189 (1989). We also resolve any conflict in the evidence in favor of upholding the verdicts. *Id.*

timely appealed.  This Court has jurisdiction pursuant to Arizona Revised Statutes (A.R.S.) sections 12-120.21(A)(1),[2] 13-4031 and -4033(A)(1).

## DISCUSSION

### I.    Withdrawal and Appointment of Counsel

¶4          Coven first argues the trial court erred in permitting his fourth attorney to withdraw thirty-four days prior to the scheduled trial date without appointing a lawyer to represent him.  "We will overturn a trial court's decision on a motion to withdraw only if the trial court abused its discretion." *State v. Jones*, 185 Ariz. 471, 482, 917 P.2d 200, 211 (1996).  A trial court's interpretation of a constitutional right, including the right of an indigent criminal defendant to counsel, is a question of law we review *de novo*. *Robinson v. Hotham*, 211 Ariz. 165, 168, ¶ 9, 118 P.3d 1129, 1132 (App. 2005).

### A.    The Trial Court Did Not Abuse Its Discretion in Permitting Coven's Fourth Attorney to Withdraw Following an Avowal of an Ethical Conflict.

¶5          In support of his claim, Coven asserts the trial court erred because it did not make a detailed inquiry into the basis for withdrawal, but simply accepted counsel's avowal of an ethical conflict.

¶6          Coven's fourth, and final, counsel filed a motion to withdraw on the basis that "[c]ircumstances ha[d] developed in the course of the representation that ha[d] caused an irremediable breakdown in the attorney client relationship," which prevented the attorney from providing effective assistance of counsel.  Upon inquiry by the trial court, counsel confirmed the problem was not "in any way, shape, or form related to any fees, attorney's fees, and compensation,"  further stating:

> It's difficult to elaborate.  Basically, based on privileged communications, Your Honor, it seems that all of the efforts I have put forward to effectively defend the case, I'm not — I'm not receiving any assistance, in my opinion.  I don't believe, based on some of the statements that have been made, that I

---

2          Absent material revisions from the relevant date, we cite a statute's current version.

can ethically proceed at this point with regards to some other issues as well.

I cannot ethically, based on some of the statements that have been made, I simply — I don't believe that ethically I can proceed.

The trial court informed Coven that the ethical rules prohibited it from delving further into the attorney-client relationship, accepted counsel's avowals as "an Officer of the Court" over Coven's objections and entered an order allowing her to withdraw.

¶7        The Arizona Rules of Professional Conduct provide that a lawyer "shall withdraw from the representation of a client if . . . the representation will result in violation of the Rules of Professional Conduct or other law."  Ariz. R. Sup. Ct. 42, ER 1.16(a)(1).  Upon filing of such a motion, the trial court must determine whether good cause has been shown before permitting the withdrawal, Ariz. R. Crim. P. 6.3(b), and may request an explanation for the withdrawal.  Ariz. R. Sup. Ct. 42, ER 1.16, cmt. 3.  The trial court should not condition grant or denial of the request on the attorney's willingness to disclose confidential information; rather, "[t]he lawyer's statement that professional considerations require termination of the representation ordinarily should be accepted as sufficient."  *Id.*; *see also State v. Davis*, 110 Ariz. 29, 31, 514 P.2d 1025, 1027 (1973) ("The trial court should give great weight to a representation by counsel that there is a conflict . . . ."); *Maricopa Cnty. Public Defender's Office v. Superior Court*, 187 Ariz. 162, 166, 927 P.2d 822, 826 (App. 1996) (concluding disclosure of confidential information not ordinarily required when counsel avows he has an ethical conflict requiring withdrawal).

¶8        Contrary to Coven's contentions, the trial court made adequate inquiry into the circumstances necessitating withdrawal, and acted within its discretion in granting the request based upon counsel's avowals that ethical considerations mandated her withdrawal.  Therefore, we find no error in the trial court's order permitting Coven's fourth attorney to withdraw.

### B.    The Trial Court Did Not Err in Denying Coven's Request for Court-Appointed Counsel.

¶9        Coven also argues the trial court erred by denying his request for court-appointed counsel prior to trial.  To support his argument, Coven relies on Arizona Rule of Criminal Procedure 6.3(c), which provides that no attorney shall be permitted to withdraw after a case has been set for trial

"except upon motion accompanied by the name and address of another attorney, together with a signed statement by the substituting attorney that he or she is advised of the trial date and will be prepared for trial."

**¶10** First, although a proper motion to withdraw will designate a substitute attorney, we have previously held that failure to do so may be overlooked if substantial justice to the defendant is done and the error is not so prejudicial to defendant's rights as to require reversal. *State v. Schaaf*, 169 Ariz. 323, 331, 819 P.2d 909, 917 (1991). Because Coven's fourth privately retained attorney could not ethically continue her representation, we find no prejudice to Coven in the failure of his counsel to comply with Rule 6.3(c).

**¶11** Second, Coven bases his argument on the right to counsel guaranteed by the U.S. and Arizona constitutions, which require the State to provide an indigent criminal defendant with appointed counsel. U.S. Const. amend. VI and XIV, § 1; Ariz. Const. art. 2, § 24; *State v. McGonigle*, 103 Ariz. 267, 269, 440 P.2d 100, 102 (1968). However, Coven consistently refused to provide the trial court with financial information, admitted he was not indigent,[3] and does not challenge that fact on appeal. Indeed, during the course of these proceedings, Coven hired four separate private attorneys. Because he was not indigent, Coven was not entitled to court-appointed counsel, *McGonigle*, 103 Ariz. at 269, 440 P.2d at 102, and the trial court did not err by declining to appoint him an attorney.[4]

---

[3] In his June 2012 "Application for Court-Appointed Counsel," Coven "acknowledge[d] he ha[d] the financial resources" to retain private counsel, adding that "[c]ompleting indigent defense financial forms in this case would be pointless since he would not meet the indigent criteria and the filing would be a burden on [him]" because he "wished to keep his financial and personal information private."

[4] Coven argues the trial court should have appointed counsel pursuant to Arizona Rule of Criminal Procedure 6.7(d), which authorizes the court to order a defendant to pay the costs of court-appointed counsel if the defendant has enough funds to offset a portion of those costs. Thus, Coven maintains that the court could have appointed counsel, for which he would then have paid. Coven's argument fails to acknowledge the opening lines of the rule, which state that the court may order such payment if, "in determining that a person is indigent," it also determines that the person

¶12            Finally, Coven asserts the trial court erred in finding he waived his right to counsel without engaging in a colloquy to determine if his waiver was voluntary. *See, e.g., State v. McLemore*, 230 Ariz. 571, 578, ¶ 22, 288 P.3d 775, 782 (App. 2012). Coven correctly states that a formal colloquy was not provided, and he did not expressly waive his right to counsel. However, "[e]ven in the absence of an express waiver, a defendant can implicitly waive his right to counsel through his conduct." *State v. Hampton*, 208 Ariz. 241, 244, ¶ 7, 92 P.3d 871, 874 (2004) (citing *United States v. Goldberg*, 67 F.3d 1092, 1100 (3d Cir. 1995)). "In some circumstances, persistent disruptive or dilatory conduct by a defendant will support a determination that the defendant 'waived' his right to counsel." *Id.* (citing *Goldberg*, 67 F.3d at 1100). This type of waiver can occur after a court warns of the consequences of continued misconduct and explains the implications of a waiver of counsel. *Id.* (citations omitted).

¶13            Here, as early as August 2012, after Coven's second privately retained attorney withdrew, the trial court informed him that if he did not retain new counsel, he would be representing himself. Additionally, Coven admitted having consulted other private attorneys who expressed a willingness to take his case after the fourth attorney withdrew. The record is devoid of explanation as to why Coven did not follow through with obtaining new representation. Rather, the record reflects numerous discussions, in open court, confirming Coven's self-representation and attempting to address his apparent refusal to take any action to remedy the situation, his only response being repeated demands for court-appointed counsel.

¶14            When the trial court offered to provide advisory counsel to assist with Coven's self-representation, Coven stated that, if that appointment occurred, he would make an "immediate request" that his then-advisory counsel act as his attorney of record for the trial. When the court did not permit Coven to "back-door the system," Coven chose to forego any further participation in the proceedings, stating "I intend to be here at the beginning of every proceeding and . . . if I don't have an attorney present . . . then I'm going to waive my right to be here and I will show up again the next day and the next day for however long that is." While the trial court informed Coven, on the record, of the perils inherent in his decision to proceed *pro per* and *in absentia*, Coven appeared at the beginning

---

has some financial resources. When read in totality, Rule 6.7(d) does not authorize the appointment of counsel for non-indigent defendants.

of trial each day to waive his presence and participation, and permitted the trial to proceed in his absence.[5]

¶15　　　　Under these circumstances, we find Coven implicitly waived any right to counsel through his unreasonable behavior, which was clearly aimed at thwarting his prosecution and effectively delayed his trial for nearly two years following the incident.

## II.　　Suppression of iPod Evidence

¶16　　　　Coven next argues the trial court erred in admitting a digital image of the court clerk taken from his iPod because it was (1) irrelevant and (2) obtained illegally in the absence of a search warrant.　In response to Coven's motion to suppress this evidence, the State argued the evidence established the basis for placing Coven under arrest, and a warrant was unnecessary because the search of the iPod was "incident to arrest."　The court admitted the evidence although acknowledging it was of marginal relevance to the resisting arrest charge.

¶17　　　　We review a trial court's ruling on a motion to suppress for an abuse of discretion.　*State v. Zamora*, 220 Ariz. 63, 67, ¶ 7, 202 P.3d 528, 532 (App. 2009).　However, even if a trial court erroneously denies a motion to suppress, we will not overturn a verdict if we find the error to be harmless.　*State v. Solano*, 187 Ariz. 512, 519, 930 P.2d 1315, 1322 (App. 1996). "'Error, be it constitutional or otherwise, is harmless if we can say, beyond a reasonable doubt, that the error did not contribute to or affect the verdict.'"　*Id.* (quoting *State v. Bible*, 175 Ariz. 549, 588, 858 P.2d 1152, 1191 (1993)).

¶18　　　　On appeal, the State acknowledges the U.S. Supreme Court's recent decision in *Riley v. California*, ___U.S. ___, 134 S. Ct. 2473, 2495 (2014), holding police must obtain a warrant prior to searching a cell phone seized incident to arrest.　Nonetheless, the State argues that, even assuming the

---

[5]　　Coven argues that allowing him to waive his presence at the beginning of trial each day, and proceeding in his absence without "making arrangements" for legal representation, resulted in a series of impermissible *ex parte* proceedings.　Coven cites no authority for this proposition; therefore, we will not address it further.　*See* ARCAP 13(a)(6) (requiring argument in appellate brief contain "citations to the authorities, statutes, and parts of the record relied upon"); *Ritchie v. Krasner*, 221 Ariz. 288, 305, ¶ 62, 211 P.3d 1272, 1289 (App. 2009) (deeming waived an issue unsupported by legal authority).

warrantless search of the iPod was impermissible, any error in admitting the evidence was harmless.   We agree.

¶19        At trial, the clerk testified that Coven admitted taking her photograph in violation of courthouse rules, and then became angry and loud when asked to delete it.   The security officer and law enforcement officer confirmed that Coven became aggressive and refused to delete the images upon their requests, which ultimately caused the disturbance that led to his arrest.   During these interactions, Coven never denied taking the clerk's photograph with his iPod.   The witnesses' testimony is further supported by a courthouse security video, which captured Coven's refusal to follow instructions to either delete the photograph or move out of the line of customers waiting to file documents with the clerk, as well as his struggle with court personnel and the arresting officers.

¶20        This uncontroverted evidence supports the jury's verdict, even if the images obtained from the iPod had not been shown to the jury. Therefore, we find, beyond a reasonable doubt, that any error resulting from the admission of evidence obtained from a warrantless search of Coven's iPod was harmless.

## CONCLUSION

¶21        For the foregoing reasons, we affirm Coven's convictions and resulting term of probation.



Ruth A. Willingham · Clerk of the Court
F I L E D : ama