NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

DANIEL S. COVEN, *Petitioner*.

No. 1 CA-CR 16-0315 PRPC
FILED 7-20-2017

Petition for Review from the Superior Court in Maricopa County
No. CR2011-133433-001
The Honorable J. Justin McGuire, Judge *Pro Tempore*

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Diane M. Meloche
*Counsel for Respondent*

Daniel S. Coven, Tempe
*Petitioner*

**MEMORANDUM DECISION**

Judge Maria Elena Cruz delivered the decision of the Court, in which Presiding Judge Randall M. Howe and Judge Peter B. Swann joined.

**C R U Z**, Judge:

¶1      Petitioner Daniel S. Coven petitions this Court for review from the dismissal of his petition for post-conviction relief. We have considered the petition for review and, for the reasons stated, grant review and deny relief.

¶2      Coven, proceeding *in propria persona*, was convicted after trial for resisting arrest and disorderly conduct. The superior court designated the resisting arrest conviction as a misdemeanor and sentenced Coven to one year of probation for each count, with the sentences to be served concurrently. Coven appealed the original conviction, and this Court affirmed. *State v. Coven*, 236 Ariz. 393, 395, ¶ 1, 340 P.3d 1101, 1103 (App. 2015). A petition to revoke probation was filed during the pendency of his appeal, and after a contested hearing, the court found Coven in violation of one of his terms of probation. The court revoked Coven's probation and gave him a short jail term. Coven appealed that finding, and this Court affirmed in *State v. Coven*, 1 CA-CR 14-0150, 2014 WL 5089382, at *1, ¶ 4 (Ariz. App. Oct. 9, 2014) (mem. decision).

¶3      On February 2, 2016, Coven filed a notice of request for post-conviction relief, followed by a memorandum in support of his request for appointed counsel.[1] He claimed ineffective assistance of counsel based upon "failure to turn over legal analysis" and his recent receipt of fifteen pages of documents[2] from the last of his four pretrial counsel, all of whom withdrew before trial. He did not specify which performance was deficient. However, in the memorandum, Coven specified allegations against his last attorney based upon the timing and handling of her motion to withdraw, withholding the fifteen pages of documents, late motion filing, billing issues, communication issues, and her duplicative demand for documents. The superior court summarily dismissed Coven's petition as untimely and not raising a claim pursuant to any of the exceptions in Arizona Rule of Criminal Procedure 32.1(d), (e), (f), (g), or (h). Coven filed his petition for review with this Court, challenging only the dismissal of his notice based upon timeliness.

---

[1]      Coven refers in his petition for review to having requested appointed counsel "without avowing indigence" but does not raise the matter on review.

[2]      Coven did not attach these pages to his notice.

¶4        This Court will not reverse the superior court unless it finds an abuse of discretion. *State v. Jenkins*, 193 Ariz. 115, 118, ¶ 5, 970 P.2d 947, 950 (App. 1980). We find no such abuse. Coven did not file his notice until over five months after the original mandate in his conviction and over fifty days after he claims he received the documents. He states no reason for his dilatory conduct other than he received "15 highly relevant pages" from an attorney on December 9, 2015, in a civil proceeding. The claims raised in his memorandum are unsupported by any facts and raise issues that Coven would have been aware of before his receipt of the documents. He does add conclusory allegations against one attorney in his attempt to claim an exception under Arizona Rule of Criminal Procedure 32.1(e) as newly discovered evidence, but this claim also lacks merit. Coven gives insufficient facts to explain why the allegations support any claim that these pages are either relevant to his case or likely to alter the verdict, finding, or sentence in his case. *See State v. Bilke*, 162 Ariz. 51, 52-53, 781 P.2d 28, 29-30 (1989) (presenting requisite factors for a colorable claim in a newly-discovered evidence case).

¶5        For the foregoing reasons, we grant review and deny relief.



AMY M. WOOD • Clerk of the Court
FILED: AA